IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD SHEPPARD, individually, and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>GFL ENVIRONMENTAL SERVICES USA, INC.,<br><br>      Defendant. | Case No. 1:21-cv-2743 |

## NOTICE OF REMOVAL

Defendant GFL Environmental Services USA, Inc. ("*Defendant*"), by and through undersigned counsel, Freeborn & Peters, LLP, and pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to this Court. This action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332 based on the complete diversity of the parties and the amount in controversy is in excess of $75,000, exclusive of interest and costs. In support of removal, Defendant submits the Declaration of Mindy Gilbert attached hereto as Exhibit C, and further states as follows:

### THE PLEADINGS AND SERVICE

1. On or about April 21, 2021, Plaintiff Donald Sheppard ("*Plaintiff*") served Defendant with a Summons and Complaint, true and correct copies of which are attached hereto as Exhibit A. The Complaint, as styled, was filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "*Circuit Court*"), as Case No. 2021 CH 01827.

2. The Complaint alleges, *inter alia*, that Defendant implemented a biometric time keeping system that violated the rights of employees such as Plaintiff under the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.* (the "*Act*").

3. Plaintiff also has filed Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues, with a Notice of Motion (the "*Motion*"), a copy of which is attached hereto as Exhibit B, which Plaintiff has not served upon Defendant but which Defendant obtained from the Circuit Court docket. Other than the Summons, Complaint and Motion attached as Exhibits A and B and a Civil Cover Sheet, no other pleadings have been filed in this case. 28 U.S.C. § 1446(a).

4. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Circuit Court.

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446, because it is filed within 30 days of the date on which Defendant was served with the Complaint, which was April 21, 2021.

6. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

7. This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. § 1441(a) in that the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**DIVERSITY JURISDICTION**

8. Complete diversity exists under 28 U.S.C. § 1332 between Plaintiff and Defendant because Plaintiff is not a citizen of any state where Defendant is a citizen.

5685228v1/33959-0011

9.     A corporation such as Defendant is a citizen of (a) the state under whose laws it is organized; and (b) the state of its principal place of business. 28 U.S.C. §1332(c)(1).

10.    Defendant is a corporation organized and existing under the laws of the State of Delaware and its principal place of business is in Raleigh, North Carolina. Ex. A, Complaint at ¶ 14; Declaration of Mindy Gilbert at ¶ 4 (Exhibit C hereto). Defendant therefore is a citizen of the States of Delaware and North Carolina.

11.    Plaintiff alleges that he is an individual who is a resident of Illinois. Ex. A, Complaint at ¶ 13. Upon information and belief, Plaintiff is and was a citizen of Illinois at all times pertinent to the allegations in his Complaint. Ex. C at ¶ 5.

**AMOUNT IN CONTROVERSY, ORIGINAL JURISDICTION, AND VENUE**

12.    This action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332, based on the complete diversity of the parties and because the amount in controversy is in excess of $75,000, exclusive of interest and costs.

13.    Plaintiff's Complaint alleges that Defendant's use of a biometric scanning system repeatedly violated the Act, that Defendant required Plaintiff to scan his hand twice every workday between 2017 and 2019 without obtaining his written consent and release, and that these actions violated the Act. Ex. A, Complaint at ¶¶ 20, 42, 44 and 49.

14.    In Count I, Plaintiff claims that Defendant violated § 15(a) of the Act by failing to institute, maintain and adhere to a publicly-available retention schedule. *Id.* at ¶¶ 71-73.

15.    In Count II, Plaintiff claims that Defendant violated § 15(b) of the Act by failing to obtain a written consent and release before obtaining biometric identifiers and information. *Id.* at ¶¶ 80-83.

16. In Count III, Plaintiff claims that Defendant violated § 15(d) of the Act by disclosing his biometric identifier and information to third parties before obtaining a consent. *Id.* at ¶¶ 90-93.

17. Plaintiff seeks statutory damages of $5,000 or actual damages, whichever is greater, for each and every intentional or reckless violation of the Act. *Id.* at ¶¶ 49, 73, 83 and 92.

18. Plaintiff also seeks an award of his attorney's fees and expenses and "such other and further relief as equity and justice may require" pursuant to § 20 of the Act. *Id.* at ¶ 53 and Prayer for Relief ¶¶ F & H.

19. When a complaint does not allege a specific amount of relief sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional amount. *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 768 (N.D. Ill. 2019). Because it may be difficult for a defendant to show that the amount in controversy has been met when the plaintiff, "the master of the complaint," does not want to be in federal court, a defendant's good faith estimate is sufficient if it is plausible an adequately supported by the evidence. *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). There are several ways to meet this burden, including by calculation from the allegations in the Complaint, by reference to the plaintiff's informal estimates, and by introducing affidavits from the defendant about the cost of meeting the plaintiff's demands. *Id*. A request for attorneys' fees should be included in the Court's calculation of the amount in controversy. *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018).

20. Based on the Complaint, Defendant has calculated in good faith the damages sought by Plaintiff under the Act under his various claims, including his attorneys' fees, to be more than

$75,000, exclusive of interest and costs. Ex. C at ¶¶ 6-13. Accordingly, this Court may properly exercise jurisdiction over this case.

21. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action was filed.

WHEREFORE, Defendant respectfully requests that the above action now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, be removed to the United States District Court for the Northern District of Illinois.

Dated: May 20, 2021

                                          GFL ENVIRONMENTAL SERVICES USA, INC.

                                          By:   /s/ Steven M. Hartmann

                                          David C. Gustman (ARDC No. 3124377)
                                          Steven M. Hartmann (ARDC No. 6185428)
                                          Freeborn & Peters LLP
                                          311 S. Wacker Drive, Suite 3000
                                          Chicago, IL 60606
                                          (312) 360-6000
                                          Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2021, a true and correct copy of the foregoing was served on all counsel of record by placing a copy in the US mail and by email to the following:

Megan E. Shannon
(mshannon@stephanzouras.com)
Ryan F Stephan
(rstephan@stephanzouras.com)
James B. Zouras
(jzouras@stephanzouras.com)
Stephan Zouras, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, IL 60606

          */s/ Steven M. Hartmann*
          Steven M. Hartmann

          *Counsel for Defendant GFL Environmental Services USA, Inc.*