IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONALD SHEPPARD, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-02743 |
| v. | ) ) | |
| GFL ENVIRONMENTAL SERVICES USA, INC., | ) ) ) | Hon. Robert M. Dow Jr. |
| Defendant. | ) ) | |

**PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**INTRODUCTION**

Plaintiff and Class Representative Donald Sheppard ("Named Plaintiff"), individually and on behalf of a class of 133 other employees certified for settlement purposes (collectively, "Plaintiffs" or "Class Members") and Defendant GFL Environmental Services USA, Inc., by and through undersigned counsel, moves for final approval of the Parties' settlement of Plaintiffs' claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. The Parties' settlement of this Rule 23 class action is fair, reasonable, and adequate under the governing legal standards and satisfies all of the criteria for final approval. Plaintiffs respectfully request the Court: (1) grant final approval of the Class Action Settlement Agreement ("Settlement Agreement"), attached as Exhibit A, including the releases of claims as set forth therein; and (2) enter the Proposed Final Approval Order and Final Judgment, attached as Exhibit B.

On October 6, 2021, the Court took the first step in the settlement approval process by preliminarily approving the Parties' Class Action Settlement; certifying the proposed "Settlement Class" (as defined below) pursuant to Rule 23; appointing the attorneys from Stephan Zouras, LLP

1

as Class Counsel; appointing Analytics Consulting ("Settlement Administrator") as Settlement Administrator; appointing Named Plaintiff Donald Sheppard as Class Representative; directing that the Settlement Administrator mail notice to the Class members; and setting a date for the Final Approval Hearing. (D.E. 23.)

Class Members have been notified of the terms of the settlement, including the monetary relief, the allocation formula, and their right to participate in, object to, or opt out of the settlement. Exhibit C, Decl. of Jodi L. Belmont Berbrich for Analytics Consulting, LLC. ("Admin. Decl. ¶ 4, 8); *see also* Attachment 1 to Admin. Decl. ("Class Notice"). To date, no Class Members objected to or excluded themselves from the Settlement. (Admin. Decl. ¶¶ 9-10; Exhibit D, Decl. of Ryan F. Stephan ("Stephan Decl.") ¶ 14.) With such overwhelming support for the settlement and for the reasons stated below, the Court should grant final approval.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As set forth in greater detail in Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Named Plaintiff Donald Sheppard filed the above-captioned class action in the Circuit Court of Cook County on April 15, 2021, alleging that Defendant utilized biometric timekeeping devices at its facilities in Illinois and required its employees to use the devices when clocking in and clocking out of work. On May 20, 2021, Defendant filed a Notice of Removal in the United States District Court for the Northern District of Illinois. Defendant filed an Answer and Affirmative Defenses denying that it is liable to Plaintiff for the claims alleged in the Action. (Dkt. No. 11). Defendant subsequently filed a Motion for Judgment on the Pleadings, requesting that the Court dismiss Plaintiff's claims asserted in the Action because they are time barred. (Dkt. No. 12). The Court has not ruled on this Motion.

Counsel for the Parties informally exchanged information and engaged in extensive settlement negotiations from June through July 2021, ultimately reaching an agreement in principle on July 30, 2021. These extensive negotiations culminated in the Settlement Agreement, fully executed on September 14, 2021.

On September 27, 2021, Plaintiff filed the Unopposed Motion for Preliminary Approval of Class Action Settlement requesting, among other relief, that the Court grant preliminary approval of the Settlement Agreement and certify a Rule 23 class for settlement purposes. (D.E. 18.) On October 6, 2021, the Court granted Preliminary Approval of the Settlement Agreement. (D.E. 23.)

## II. SUMMARY OF SETTLEMENT TERMS

### A. The Settlement Fund

Per the terms of the Settlement Agreement, Defendant or its insurers will pay to the Settlement Administrator the total sum of $200,000.00. (Exhibit A ¶¶ 34, 41(a).) The Settlement Fund shall be used to pay (i) Settlement Class Members' claims; (ii) a Service Award to the Class Representative ($10,000.00); (iii) the Fee Award (not to exceed 33.3% of the Settlement Fund); and (iv) the Administrative Expenses (not to exceed $5,000.00). (*Id*. ¶ 41(d).)

### B. Eligible Class Members

Class Members who are eligible to receive a settlement payment are "[a]ll individuals who used the hand scanning timekeeping system at GFL Environmental Services USA, Inc. in the State of Illinois from April 15, 2016 to the date of entry of the Preliminary Approval Order and who do not timely request exclusion from the settlement." ("Settlement Class")." (Ex. A ¶ 37.)

### C. Releases

Class Members who did not timely submit requests for exclusion release all claims relating to the Released Parties which relate to or arise out of the allegations in the Complaint and which

relate in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, or any other similar state, local, or federal law, regulation, or ordinance, or common law. (Ex. A Sec. VII.)

### D. Allocation

The allocation of the gross amount of the Settlement Fund to be paid to Settlement Class Members will be allocated as follows: $1,492.53 per Settlement Class Member, less *pro rata* reductions for Class Counsel's Fee Award, Service Award to the Class Representative and Administrative Expenses. (Ex. A ¶ 47(a).)

### E. Service Payment, Attorneys' Fees, and Settlement Administration Expenses

Contemporaneous with this Motion, Plaintiff will apply for Court approval, and Defendant will not oppose, distribution of a Service Payment to the Named Plaintiff, paid out of the Settlement Fund, of $10,000.00. (Ex. A ¶¶ 47(b), 70.) In addition, Class Counsel will petition the Court, unopposed, for approval of an award of attorneys' fees and costs of 33.3% of the Settlement Fund (or $66,666.66), costs and expenses not to exceed $600.00, and an additional amount not to exceed $5,000.00 as reimbursement for settlement administration expenses. (*Id*. ¶¶ 12, 66.) Class Counsel submits, and Defendant does not dispute, that these sums are fair and reasonable in light of all the facts and circumstances, including the past and anticipated future time spent by Class Counsel, their hourly rates, the risks undertaken, and the results achieved.

### F. Settlement Administration

The Parties engaged Analytics Consulting, LLC, to prepare, print, mail, and e-mail the Class Notice, to track exclusions and objections, and to draft and mail settlement checks. (Admin Decl. ¶ 3.) On October 21, 2021, Counsel for the Defendant provided Analytics with a mailing list containing many Class Member's names, last known addresses, Social Security Numbers and

applicable employment information ("Class List"). The Class List contained data for 134 potential Class Members. (*Id*. ¶ 6.) The mailing addresses contained in the Class List were processed and updated utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. The NCOA contains requested changes of address filed with the U.S. Postal Service. In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice. (*Id*. ¶ 6.) On October 27, 2021, Class Notices were mailed to 130 Class Members and e-mailed to 43 Class Members. (*Id*. ¶ 7.) The Class Notice advised Class Members that they could submit an exclusion and/or objection postmarked by December 11, 2021. (*Id*.) Analytics performed five address traces on Class Notices returned as undeliverable for the first time as of January 4, 2022. Of the five traces performed, two more current addresses were obtained and Class Notices were promptly re-mailed to those Class Members via First Class mail. As of this date, three Class Notices remain undeliverable. (*Id*. ¶¶ 5, 8.) As of this date, Analytics received zero exclusions or objections. (*Id*. ¶¶ 9-10.)

### G. Objections and Opt-Outs

The deadline to opt out of the settlement was December 11, 2021. (Admin. Dec. ¶¶ 9-10.) This deadline has now passed. Zero Class Members objected to or requested exclusion from the Settlement. (*Id*.)

### III. THE PARTIES HAVE SATISFIED THE NOTICE REQUIREMENTS OF RULE 23

Under Rule 23(c)(2)(B), notice must provide:

> the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member

who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23 (c)(2)(B).

As set forth in Section II above, the Parties' effort to effectuate notice by mail to the Class Members meets the requirements of Rule 23(c)(2)(B).

### IV. THE PROPOSED SETTLEMENT SHOULD BE FINALLY APPROVED BECAUSE IT IS A FAIR, REASONABLE, AND ADEQUATE RESOLUTION OF A BONA FIDE DISPUTE OVER PLAINTIFFS' CLAIMS.

Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable and adequate. Fed. R. Civ. P. 23(e). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012). "In reviewing a proposed settlement, the court should consider the judgment of counsel and the presence of good faith bargaining." *Patterson v. Stovall*, 528 F.2d 108, 114 (7th Cir. 1976), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). Courts examine the fairness, reasonableness and adequacy of a settlement in light of the "strong judicial policy in favor of settlements, particularly in the class action context." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotation marks and citation omitted); *see Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation.").

As set forth in detail below, the proposed settlement is fair, reasonable and adequate under Rule 23(e) and is a fair and reasonable resolution of a bona fide dispute over the provisions of BIPA and, thus, should be approved.

A.   **The Settlement Is Fair, Reasonable, and Adequate.**

To approve a proposed settlement of a class action under Rule 23, a court's review of a settlement agreement is "limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." *Isby*, 75 F.3d at 1196 (citations omitted); *see also EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985) ("*Hiram Walker*"). The Court's task is to evaluate "the general principles governing approval of class action settlements" and not the "substantive law governing the claims asserted in the litigation." *Isby*, 75 F.3d at 1197 (citation omitted).

However, courts must "give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014) (citing *Mirfasihi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004)). Courts consider five factors: (1) the strength of Plaintiff's case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and discovery completed. *Am. Int'l Grp., Inc.*, 2012 WL 651727 at *2 (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)). A court must view the settlement in its entirety, rather than focus on an individual component. *Isby*, 75 F.3d at 1199.

1. **The Settlement Amount Is Substantial Given the Strengths of Plaintiffs' Claims and Attendant Risks (First Factor).**

Defendant agreed to settle this case for a maximum of $200,000.00 for a class of 134 Class Members. (Ex. A ¶ 34.) The Settlement Fund shall be used to pay (i) Settlement Class Members' claims; (ii) a Service Award to the Class Representative ($10,000.00); (iii) the Fee Award (not to exceed 33.3% of the Settlement Fund); and (iv) the Administrative Expenses (not to exceed

$5,000.00). (*Id*. ¶¶ 41, 66.) This is a substantial settlement that represents significant value, particularly given the attendant risks of litigating the merits of the case through Rule 23 class certification, potential decertification proceedings, summary judgment practice and/or trial, and any appeals of decisions on those matters. (Stephan Decl. ¶ 17.)

This settlement provides much more than "a fraction of the potential recovery." *Cf. Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982) ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair."). If Defendant's conduct is deemed negligent, the gross settlement amount distributed directly to Class Members exceeds 100% of recovery for one violation under BIPA. (Stephan Decl. ¶ 15). The recovery here is well within the range of reasonable recovery and represents significant value given the attendant risks of litigation. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is reasonable.

In evaluating the strength of a plaintiff's case on the merits balanced against the proposed settlement, courts refrain from reaching conclusions on issues which have not been fully litigated. *Williams v. Quinn*, 748 F. Supp. 2d 892, 897 (N.D. Ill. 2010) (noting "[t]he purpose of a fairness hearing is not to resolve the merits of the case, but to determine whether the settlement is fair, reasonable, and adequate when viewed in its entirety") Because "[t]he essence of settlement is compromise," *Hiram Walker*, 768 F.2d at 889, courts should not reject a settlement "solely because it does not provide a complete victory to the Plaintiff." *Isby*, 75 F.3d at 1200. Parties to a settlement benefit by immediately resolving the litigation and receiving "some measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory. Thus, the parties to a settlement will not be heard to complain that the relief afforded is substantially less

8

than what they would have received from a successful resolution after trial." *Hiram Walker*, 768 F.2d at 889 (internal citations omitted).

The outcome of this litigation is far from certain. On liability, Plaintiff would have to overcome Defendant's defenses including but not limited to whether Plaintiff's claims are barred based on the waiver of statute of limitations agreement produced in Defendant's Motion for Judgment on the Pleadings. The proposed Settlement ensures that Class Members will receive a settlement amount that is reasonable and consistent with the established facts as applied to the governing law. In light of the substantial recovery this settlement provides and the attendant risks of litigation, this factor weighs in favor of final approval.

### 2. Litigation Through Trial and Appeals Would Be Complex, Costly, and Long (Second Factor).

The second factor to be considered is the complexity, length, and expense of litigation that will be avoided by the proposed settlement. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000). By reaching a favorable settlement prior to dispositive motions or trial, Plaintiff seeks to avoid significant expense and delay, and instead ensure recovery for the class. "[A]n integral part of the strength of a case on the merits is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985). Although Class Counsel believes Plaintiff's case is strong, it is subject to considerable risks and costs if the case is not settled.

Continued litigation carries with it a decrease in the time value of money, for "[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002); *see also Fitzsimmons*, 778 F.2d at 309 n.3; *Seiden v. Nicholson*, 72 F.R.D. 201, 208 (N.D. Ill. 1976) ("If this case had been litigated to

9

conclusion, all that is certain is that plaintiffs would have spent a large amount of time, money and effort."). The proposed settlement provides immediate benefits.

If litigation were to continue, extensive class discovery would be required to establish liability and damages. Here, further litigation would certainly result in dozens of depositions, a fully briefed motion for Rule 23 class certification, potential decertification proceedings, and summary judgment practice on liability, and would prolong the risk, time, and expense associated with a complex trial, or trials, for damages. Any judgment would likely be appealed, further extending the litigation. These costs of further litigation are considerable in terms of both time and money but would not reduce the risks that litigation holds for the class. *See Isby*, 75 F.3d at 1199. Under these circumstances, the benefits of a guaranteed recovery today as opposed to an uncertain result in the future are readily apparent. This factor therefore weighs in favor of final approval.

### 3. The Reaction of the Class Has Been Positive (Third Factor).

The absence of objections by Class Members is significant in determining whether the proposed settlement is reasonable to the class as a whole. *See Hispanics United of DuPage County v. Village of Addison, Illinois*, 988 F. Supp. 1130, 1166, 1169 (N.D. Ill. 1997) ("the court may approve a fair settlement over objections by some or even many Class Members"). Here, no class members objected to the settlement or requested exclusion. (Admin Decl. ¶¶ 9-10.) Thus, this factor also favors approval of the settlement.

### 4. Competent Counsel for All Parties Endorse this Agreement (Fourth Factor).

Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux*, 690 F.2d at 634 (quoting *Armstrong*, 616 F.2d at 325); *see also Isby*, 75 F.3d at 1200. However, they cannot rely solely on that opinion, *see Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014). Importantly, here, there is no indication that the proposed Settlement Agreement is the result of

10

collusion. *See Isby*, 75 F.3d at 1200. The settlement was reached after intense arms-length negotiation between Counsel for the Parties.

"There is usually an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." *Newberg* §11.41 at 11-88; *see also City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996). Class Counsel are competent and experienced in class actions, particularly class actions of exactly this kind, and are familiar with the strengths and weaknesses of the claims and defenses. (Stephan Decl. ¶¶ 4-7). Using that litigation experience and their intimate knowledge of the facts of the case and the legal issues facing the Class Members, Class Counsel were capable of making, and did make, well informed judgments about the value of the claims, the time, costs and expense of protracted litigation, discovery, and appeals, and the adequacy of the settlement. (Stephan Decl. ¶ 17.) Defendant's counsel also agree this settlement is fair and reasonable, as evidenced by their execution of the Settlement Agreement. This factor therefore weighs in favor of final approval.

### 5. Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (Fifth Factor).

This complex class action was resolved approximately six months after it was initiated. This period involved extensive research, analysis, investigation, the exchange of information, and extensive negotiations (Stephan Decl. ¶ 10.) The stage of litigation has advanced to a state that Class Counsel could fairly and fully evaluate the value of the settlement. (*Id.* ¶ 17.) Given the significant amount of time and resources spent by the Parties exchanging information and advancing settlement negotiations, this fifth, and final, factor favors final approval of the settlement.

**B.     Approval of the Release of Class BIPA Claims Is Appropriate.**

The Parties also request that the Court specifically approve the release of Class Members' BIPA claims as defined in the Settlement Agreement. (Ex. A Sec. VII.) In this case, as explained above, the terms of the settlement were reached during extensive arm's-length negotiations by experienced counsel after thorough investigation, discovery, and analysis. Because the Settlement Agreement, including Class Members' releases of their BIPA claims, resolves a bona fide dispute and was reached after vigorous arm's-length negotiations, it should be approved. *See, e.g.*, *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014).

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his Unopposed Motion for Final Approval of Class Action Settlement and enter the Proposed Final Approval Order and Final Judgment, attached as Exhibit B.

Date:   January 11, 2022                                         Respectfully Submitted,

*/s/ Ryan F. Stephan*
Ryan F. Stephan
James B. Zouras
Megan E. Shannon
**STEPHAN ZOURAS, LLP**
100 N. Riverside Plaza
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
mshannon@stephanzouras.com

**CLASS COUNSEL**

## **CERTIFICATE OF SERVICE**

      I, the attorney, hereby certify that on January 11, 2022, I filed the attached with the Clerk of the Court, using the ECF system, which will send such filing to all attorneys of record.

*/s/ Ryan F. Stephan*
